| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

DAVIN ROBERSON,

                            Plaintiff,

      - versus -

DUKE TERRELL, Warden,

                            Defendant.

ORDER

11-CV-5171

JOHN GLEESON, United States District Judge:

        Davin Roberson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 26, 2011, which was received by this court on October 18, 2011. ECF No. 1. I grant Roberson's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* ECF No. 4.

        In his petition, Roberson seeks relief from his sentence of 30 months of imprisonment, imposed by Judge Jan E. DuBois of the Eastern District of Pennsylvania on September 29, 2010, in Roberson's criminal case, *United States v. Roberson*, No. 09-cr-0550 (E.D. Pa.). *See* ECF No. 1 at 7-8. Roberson argues that Judge DuBois should have reduced his sentence pursuant to § 5G1.3(b) of the United States Sentencing Guidelines ("U.S.S.G.") to reflect the amount of time Roberson had served in state custody prior to his sentencing. Section 5G1.3(b) provides, in relevant part:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense[,] . . . *the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment* . . . and the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b) (emphasis added).

Although Roberson labeled his petition as one pursuant to 28 U.S.C. § 2241, this statutory section cannot provide the relief he seeks. A petition pursuant to § 2241 challenges the execution, not the imposition, of a sentence; a petition pursuant to 28 U.S.C. § 2255 is the proper vehicle for challenging a sentence as it was imposed. *See Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002). Roberson's challenge is directed to his sentence *as it was imposed*, rather than as it has been executed by the Bureau of Prisons. *See* ECF No. 1 at 2 (noting in his petition that "[a]pplication of [§] 5G1.3(b) is a matter of the court, not[] Bureau of Prisons to decide"). Accordingly, the proper vehicle for Roberson's claim is a petition under 28 U.S.C. § 2255.

A district court generally should not recharacterize a § 2241 petition as a § 2255 petition without first advising the petitioner of the "potential adverse consequences of such recharacterization" and offering the petitioner the opportunity either to consent to the recharacterization or to withdraw his claims. *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *see also Roccisano*, 293 F.3d at 57-58 (2d Cir. 2002) (holding that *Adams* notice procedure is unnecessary where petitioner has already had one or more § 2255 motions dismissed on the merits). My search of the Eastern District of Pennsylvania docket reveals that Roberson does not appear to have filed a previous § 2255 petition;[1] accordingly, if I convert this petition into a § 2255 petition and the petition is ultimately dismissed, any subsequent motion brought by Roberson under § 2255 may be barred as a "second or successive" petition. *See Adams*, 155 F.3d at 583; *see also* 28 U.S.C. §§ 2255, 2244(b). However, I also note that it appears that Roberson's one-year statute of limitations for filing petitions for habeas corpus expired at the end of 2011. *See* 28 U.S.C. § 2244(d)(1). Thus, if I do not convert this petition

---

[1] Petitions pursuant to 28 U.S.C. § 2255 should be brought before "the court which imposed the sentence." 28 U.S.C. § 2255(a).

into a § 2255 petition, then any attempt by Roberson to file a new § 2255 petition in the Eastern District of Pennsylvania may be barred as untimely.

        Accordingly, Roberson is hereby ordered to inform the court in writing whether he would like the court to convert his § 2241 petition into a § 2255 petition and thereafter to transfer the petition to the Eastern District of Pennsylvania, or whether he would like to withdraw his petition entirely.  Roberson is again cautioned that his statute-of-limitations period appears to have expired, and therefore if he chooses to withdraw the instant petition and thereafter file a subsequent petition, the subsequent petition may be denied as untimely.

        So ordered.


        John Gleeson, U.S.D.J.


Dated: January 24, 2012
      Brooklyn, New York